UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **METROPOLITAN TAXICAB COMMISSION,** | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Cause No.:    15-CV-1562 HEA |
| **UBER, INC. and UBER TECHNOLOGIES, INC.,** **JOHN AND JANE DOES,** **NZOJIBWAMI INNOCENT,** **MOHAMMAD NOORI,** **DAVID KELLEY,** **DENNIS ELLIS,** **REINALDO HERRERA,** **PATRICK OLIGSCHLAEGER,** **JUSTIN VAN SANT,** **PETER KAISER,** **JAMES MORGAN,** **SHERWOOD FARNHAM,** **MICHAEL SCHNEIDER,** **DANIEL PUI,** **LAMINE THIAM,** **JASON SIEGEL,** **JEREMY PENNYCOOK,** **MICAH TEMPLE,** **WAYNE BANDY,** **JEFFREY HAYES,** **And SEAN REID** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | St. Louis County Case No. 15SL-CC03416 Division 4 |
| Defendants. | ) ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO REMAND**

Comes now Plaintiff, Metropolitan Taxicab Commission, by and through its undersigned counsel and having moved this Honorable Court pursuant to 28 U.S.C. §1447(c) to remand this case to the Circuit Court of St. Louis County, Missouri, files the following Memorandum in support thereof.

1

## Background and Procedural History

Plaintiff, Metropolitan Taxicab Commission ("MTC") is a political subdivision of the State of Missouri organized and existing under Missouri statute §67.1800 *et seq*. RSMo. The MTC has statutory authority to "license, supervise and regulate any person who engages in the business of transporting passengers in commerce within the taxicab district in any motor vehicle designed to transport not more than eight passengers." §67.1809 RSMo.

The MTC pursuant to §67.1812(g) RSMo. adopted a comprehensive code know as the Vehicle for Hire Code, version 8.3 adopted February 28, 2010 as revised and amended September 18, 2015 and October 2, 2015.[1] The Vehicle for Hire Code ("VHC") licenses and regulates "vehicle for hire" companies which include "transportation network companies" such as Defendant Uber doing business as UberX and "transportation network company drivers" such as the individually named Defendants as well as those driver's vehicles. See VHC §101.71, §101.72, §101.74, §14.2, §14.5, §14.6 and §14.9.

Defendant Uber began operating its unlicensed "transportation network company" in the City of St. Louis and St. Louis County on September 18, 2015. Defendant Uber has been offering vehicle for hire services through a transportation network company in open disregard of the Metropolitan Taxicab Commission's Vehicle for Hire Code, specifically VHC §201-215 and §14.5. Defendant Uber recruited drivers as independent contractors to provide unlicensed vehicle for hire services in violation of the Metropolitan Taxicab Commission's Vehicle for Hire Code. Before an Uber driver through the UberX mobile application may lawfully operate a vehicle for hire in the City of St. Louis or St. Louis County the driver must acquire a MTC driver's license under VHC §14.6. The driver must also obtain a MTC permit for his vehicle under VHC §14.9-

---

[1] The MTC Vehicle for Hire code is attached as Exhibit 1 to Plaintiff's TRO and Petition for Permanent Injunction which is before this Court as Exhibit A of Defendant's Notice of Removal.

14.11. The MTC obtained information and evidence that the individually named Defendant drivers were operating vehicles in violation of the MTC Vehicle for Hire Code.

On October 5, 2015, Plaintiff filed its Petition in the Circuit Court for St. Louis County seeking a Temporary Restraining Order, Preliminary Injunction and Permanent Injunction against Defendant Uber as well as nineteen individuals who were operating vehicles for hire in violation of the MTC licensing requirements. For example, the MTC under VHC §14.69(B) requires "transportation network drivers" seeking a MTC license to be at least 18 years old, be in possession of a valid class E Missouri chauffer's license, be in possession of a current criminal background checks performed by an MTC authorized entity, provide a current Missouri Department of Revenue driver record and comply with the vehicle permit requirements of §14.10 and 14.11 including proof of insurance covering commercial use of a vehicle. The Plaintiff's Application for Temporary Restraining Order and Preliminary Injunction and Petition for Permanent Injunction alleges that the individual Defendants each violated §1416 of the Vehicle for Hire Code and operated vehicles for hire without first obtaining a MTC license or meeting the qualifications for a MTC license. The Petition further alleges that each individually named Defendant transported a passenger in a vehicle for hire in violation of the MTC Vehicle for Hire Code.

The individually named Defendants are residents of the State of Missouri. Between October 9-11, 2015, the MTC obtained personal service on Defendants Temple Bandy, Pui, Norri, Schneider, Reid, Oligschlaeger, Kelly, Van Sant and Pennycook at their residences in the State of Missouri. On October 12, 2015, Defendant Uber filed its Notice of Removal under 28 U.S.C. §1446(b). Plaintiff MTC now files its Motion to Remand because Defendant's Notice of Removal is defective in that Uber cannot meet its burden of proving the individually named

defendants are fraudulently joined; none of the individually named defendants have joined in or consented to removal and Defendants cannot show by a preponderance of the evidence that the amount in controversy exceeds $75,000. This Court should remand this case to the Circuit Court for St. Louis County, Missouri.

## Argument

Defendant Uber removed this case to federal court on the alleged basis that Plaintiff's joinder of defendants Innocent, Noori, Kelly, Ellis, Herrera, Oligschlaeger, Van Sant, Kaiser, Morgan, Farnham, Schneider, Pui, Thiam, Sigel, Pennycook, Temple, Bandy, Hayes, and Reid is fraudulent. Defendant Uber requests this Court to disregard the citizenship of each of the individually named defendants claiming they are "not real and substantial parties" to the controversy and their citizenship should not be considered in evaluating diversity jurisdiction.

When a party seeking to remove alleges fraudulent joinder, the removing party bears the burden of proving the alleged fraud. *Hutchens v. Wal-mart Stores East I, LP* 555 F.Supp. 2d 1013,1017 (D.C.Mo. 2008). Defendant Uber must prove that the facts pled by Plaintiff cannot possibly create liability or a cause of action under State law against the non-diverse defendants. *Filla v. Norfolk Southern Railway Company,* 336 F.3d 806, 810 (8th Cir. 2003). Where there is a "colorable" cause of action, that is if Missouri law might impose liability on the resident defendant under the facts alleged – then there is no fraudulent joinder. *Hutchens,* 555 F.Supp. at 1017. In making a decision on whether there is a "colorable' state claim, the District Court should resolve all facts and ambiguities in the Plaintiff's favor and the Court may not step from the threshold jurisdictional issue into a decision on the merits. *Id.* If there is any reasonable basis

4

for predicting that Missouri law might impose liability upon the facts involved, then joinder is not fraudulent and diversity jurisdiction does not exist. *Id.*

Without any supporting facts or authority, Defendant Uber claims that "the MTC has no real intention of prosecuting the action against the driver defendants". This allegation is completely contrary to the facts. Before removal, the MTC obtained service on some of the individual driver Defendants. Furthermore, in prior causes of action filed by the MTC and specifically the case of *Metropolitan Taxicab Commission v. Lyft, Inc. et al, Cause number 1422-CC00890-01* filed in the Circuit Court for the City of St. Louis, the MTC not only alleged a "colorable" cause of action against individual drivers but obtained a preliminary injunction against two individual drivers operating vehicles as part of an unlicensed "transportation network". In the present case, the MTC Petition alleges a clear cause of action seeking injunctive relief against the individual drivers where the violations are ongoing. *Walker v. Hanke,* 992 S.W.2d 925 (Mo. App. W.D. 1999). Ongoing violations of an agency regulation or a city ordinance will give rise to a cause of action for injunctive relief by the agency or city charged with enforcing the law. *City of Portage Des Sioux v. Lambert,* 196 S.W.3d 587, 592 (Mo. App. E.D. 2006).

The District Court must be attentive to the satisfaction of jurisdictional requirements in all cases. *Sanders v. Clemco Industries,* 823 F.2d 214, 218 (8th Cir. 1987). The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. *Hatridge v. Aetna Casualty and Surity Co.,* 415 F.2d 809, 814 (8th Cir. 1969). Removal statutes are strictly construed and any doubt about the propriety of removal are resolved in favor of state court jurisdiction and remand. *Wilkinson v. Shackelford,* 478 F.3d 957, 963 (8th Cir. 2007).

5

Defendant argues that the MTC's aim is to shut down Defendant Uber and not the individual drivers. However, Defendant Uber cannot show that the MTC does not have a "reasonable" basis in law and fact in which to seek injunctive relief against the individual drivers under Missouri statute and the MTC Vehicle for Hire Code. Thus, upon the allegations before this Court, the District Court cannot conclude that the individual defendants are nominal parties or fraudulently joined. *Pleasant v. Noble Finance Corp.,* 54 F. Supp. 3d 1071, 1077 (W.D. Mo. 2014).

Furthermore, Defendant Uber has failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Defendant bears the burden of proof, not only as to fraudulent joinder, but also as to each and every element required for jurisdiction under 28 U.S. §1332(a). Although Defendant Uber makes the bold assertion that the amount in controversy is over $75,000, the MTC prays only for injunctive relief against Defendant Uber and the individual defendant drivers. Defendant Uber alleges no facts to support a finding that the amount in controversy exceeds $75,000. *Pleasant v. Noble Finance Corp.,* 54 F. Supp. 3d at 1080.

Finally, the individually named and served Defendants have neither joined in nor consented to removal of this action which his required under 28 U.S. §1446(b). When a civil action is removed solely under diversity jurisdiction, all Defendants who have been properly joined and served must join in or consent to the removal of the action. 28 U.S. §1446(b)(2)(A). *Perez v. Forest Laboratories, Inc.* 902 F.Supp.2d 1238, 1243 (E.D. Mo. 2012). Defendant Uber's Notice of Removal is defective for the reason that it fails to comply with 28 U.S. §1446(b).

6

Wherefore for all of the above reasons, Plaintiffs request that this Court remand this matter to the Circuit Court for St. Louis County, Missouri and that Plaintiff be awarded its costs and fees.

Respectfully submitted,

BRUNTRAGER & BILLINGS, P.C.

/s/ Charles H. Billings
Charles H. Billings, #26789
Neil J. Bruntrager #29688
1735 South Big Bend Boulevard
St. Louis, Missouri 63117
(314) 646-0066
(314) 646-0065-facsimile

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of October, 2015 the foregoing Plaintiff's Memorandum in Support of Motion to Remand, was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

/s/ Charles H. Billings