## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## NORTHERN DIVISION

| | |
|---|---|
| **METROPOLITAN TAXICAB COMMISSION,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) **Case No: 4:15CV1562 HEA** |
| | ) |
| **UBER, INC., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## <u>OPINION, MEMORANDUM AND ORDER</u>

This matter is now before the Court on Plaintiff's Motion to Remand, [Doc.

No.  6]. Defendants have filed opposition to the Motion to Remand.  For the

reasons set forth below, the Motion will be granted.

### Facts and Background

Defendants removed this matter on October 12, 2015 pursuant to the Court's

28 U.S.C. § 1332 jurisdiction.  Section 1446 of Title 28 authorizes the removal:

> **(a)** The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> **(1)** citizens of different States;

28 U.S.C.A. § 1332.

Defendants claim that the individual defendants, who are not diverse from Plaintiff, were fraudulently joined to defeat diversity. Plaintiff moves for remand on the grounds that Defendants have failed to establish that the individual, non-diverse defendants were fraudulently joined to defeat diversity.

## Discussion

For diversity jurisdiction to exist under 28 U.S.C. § 1332(a)(1), there must be complete diversity of citizenship between all plaintiffs and all defendants. *Buckley v. Control Data Corp.,* 923 F.2d 96, 97, n.6 (8th Cir.1991). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship."  *OnePoint Solutions, LLC v. Borchert,* 486 F.3d 342, 346 (8th Cir.2007). The removing party bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Carey v. JP Bushnell Packing Supply Co.,* 2011 WL 6415178, at *2 (E.D.Mo. December 21, 2011) (citing *In re Business Men's Assur. Co. of America,* 992 F.2d 181, 183 (8th Cir.1991)). A district court is required to resolve all doubts about federal jurisdiction in favor of remand to state court. *In re Business Men's Assur. Co.,* 992 F.2d at 183; *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London,* 119 F.3d 619, 625 (8th Cir.1997).  A case must be remanded if, at any time, it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

A defendant may remove an action pending in state court to a federal district court that has "original jurisdiction" over the action. 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005). Any doubts about federal jurisdiction are resolved in favor of remand. *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007). "A plaintiff cannot defeat a defendant's right of removal by fraudulently joining a defendant who has no real connection with the controversy." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 976 (8th Cir. 2011) (internal quotation and citation omitted).

Under the doctrine of fraudulent joinder, a "court may disregard the citizenship of a [resident] defendant who was frivolously joined in an effort to defeat removal." *In re Genetically Modified Rice Litig.*, 618 F. Supp. 2d 1047, 1052 (E.D. Mo. 2009). Joinder is fraudulent where the "applicable state precedent precludes the existence of a cause of action against the defendant." *Filla v. Norfolk & S. Ry.*, 336 F.3d 806, 810 (8th Cir. 2003).

"However, if there is a colorable cause of action—that is, if the state law *might* impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder." *Id.* at 810–11 (citation omitted) (emphasis in original); see also *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010) (no fraudulent joinder where there is "arguably a reasonable basis for predicting that

3

the state law might impose liability based upon the facts involved."). A defendant basing jurisdiction on the fraudulent joinder doctrine must "do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion," because the courts "do not focus on the artfulness of the plaintiff's pleadings." *Block v. Toyota Motor Corp.*, 665 F.3d 944, 948 (8th Cir. 2011) (quoting *Knudson*, 634 F.3d at 980).

A proper review of whether a defendant has been fraudulently joined focuses on the reasonableness of the factual basis underlying the claims. *In re Genetically Modified Rice Litig.*, 618 F. Supp. 2d at 1052 (citing *Menz v. New Holland N. Am., Inc.*, 440 F.3d 1002, 1004 (8th Cir. 2006)). In conducting its inquiry, the Court may consider materials outside the pleadings. *Id.*; *Welk v. GMAC Mortgage, LLC,* 850 F. Supp. 2d 976, 995 (D. Minn. 2012) (courts may take "a limited look at evidence outside the pleadings" in determining whether state law might impose liability on facts alleged); see also *Block*, 665 F.3d at 948 ("In fraudulent joinder cases, some courts examine material beyond the complaint's allegations to determine if there is any factual support for the claims against the allegedly fraudulently joined defendant."). Joinder is fraudulent if the facts with respect to the resident defendant are "shown to be so clearly false as to demonstrate that no factual basis exists for any honest belief on the part of the plaintiff" that a cause of action exists against it. *In re Genetically Modified Rice Litig.*, 618 F. Supp. 2d at

4

1052 (quoting *Morris v. E.I. DuPont De Nemours*, 68 F.2d 788, 792 (8th Cir.

1934)).  However, if there is doubt as to the truth of the allegations, and if the

question as to truth or falsity depends on witness credibility and the weight of the

evidence, there is no fraudulent joinder. *Id.*

The party invoking jurisdiction bears the burden of proof that all

prerequisites to jurisdiction are satisfied.  *See McNutt v. General Motors*

*Acceptance Corp. of Ind., Inc.,* 298 U.S. 178, 189 (1936).  Thus, in a removed

case, the removing defendant bears the burden of proving all prerequisites to

jurisdiction. *Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys.*

*Operator, Inc.,* 561 F.3d 904, 912 (8th Cir.2009).  Removal statutes are strictly

construed, and any doubts about the propriety of removal are resolved in favor of

state court jurisdiction and remand.  *Nichols v. Harbor Venture, Inc.,* 284 F.3d 857,

861 (8th Cir.2002).

 "Courts have long recognized fraudulent joinder as an exception to the

complete diversity rule."  *In re Prempro,* 591 F.3d at 620 (citing 14B Charles Alan

Wright, et al., *Federal Practice and Procedure* § 3723 at 788–89 (4th ed.2009)).

"Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim

against a non-diverse defendant solely to prevent removal." *Id.* (cited case

omitted).

Fraudulent joinder is an exception to the rule that complete diversity of citizenship must exist both when the state petition is filed and when the petition for removal is filed. *Knudson,* 634 F.3d at 976. "[A] plaintiff cannot defeat a defendant's 'right of removal' by fraudulently joining a defendant who has 'no real connection with the controversy.'" *Id.* (quoted case omitted). "The purpose of this exception is to strike a balance between the plaintiff's right to select a particular forum and the defendant's right to remove the case to federal court." *Id.* (cited source omitted).

"Ordinarily, to prove that a plaintiff fraudulently joined a diversity-destroying defendant, [the Eighth Circuit has] required a defendant seeking removal to prove that the plaintiff's claim against the diversity-destroying defendant has 'no reasonable basis in fact and law.'" *Knudson,* 634 F.3d at 977 (quoting *Filla v. Norfolk S. Ry. Co.,* 336 F.3d 806, 810 (8th Cir .2003)). Under this standard, "if it is clear under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Filla,* 336 F.3d at 810 (internal quotation marks omitted). Joinder is not fraudulent where "there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Id.* at 811.

As the Eighth Circuit explained in *Filla,*

[T]he district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved. In making such a prediction, the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor. However, in its review of a fraudulent-joinder claim, the court has no responsibility to definitively settle the ambiguous question of state law. *Id.* at 811 (citations omitted). The Eighth Circuit instructed that "where the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question ... but simply to remand the case and leave the question for the state courts to decide.'"

*Id.* (quoting *Iowa Pub. Serv. Co. v. Medicine Bow Coal Co.,* 556 F.2d 400, 406 (8th Cir.1977)).  In deciding whether joinder is fraudulent, the court may not step from the threshold jurisdictional issue into a decision on the merits. *Boyer v. Snap–On Tools Corp.,* 913 F.2d 108, 122 (3rd Cir.1990) (reversing district court's order denying remand), cert. denied, 498 U.S. 1085 (1991); see *Filla,* 336 F.3d at 811 ("Like the district court, we have no power to decide the merits of a case over which we have no jurisdiction.").

Fraudulent joinder does not exist where "there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Junk v. Terminix Int'l Co.,* 628 F.3d 439, 446 (8th Cir.2010) (citation omitted). In order to establish fraudulent joinder, the defendant must "do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion" since "we do not focus on the artfulness of the plaintiff's pleadings." *Knudson* 634 F.3d at 980.  In fraudulent joinder cases, some courts examine material beyond the complaint's allegations to "determine if there is any factual support" for the claims against the allegedly fraudulently joined defendant. *See Masepohl v. Am. Tobacco Co., Inc.,* 974 F.Supp. 1245, 1250 (D.Minn.1997). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro Prods. Liab. Litig.,* 591 F.3d 613, 620 (8th Cir.2010). *Block v. Toyota Motor Corp.,* 665 F.3d 944, 948 (8th Cir.2011).

7

*Vang v. PNC Mortg., Inc.*, 517 Fed.Appx. 523, 524 -525 (8th Cir. 2013).

Defendants boldly argue that Plaintiff has no "real intention of prosecuting this action against the individual defendants because Plaintiff has only sent its "cease and desist" letter to Defendant Uber, and instructed Uber to "cease and desist operations of your Transportation Network Company" without obtaining Plaintiff's required Certificate and other requirements.  Plaintiff, on the other hand, argues that it indeed seeks to prosecute this claim against the individual driver defendants, and points the Court's attention to a similar proceeding it prosecuted against other individual transportation network drivers.

Plaintiff's Petition sets out a factual background wherein it alleges that individual drivers were dispatched to provide vehicle for hire services to a customer at locations within the City of St. Louis, Missouri.  Further, the Petition alleges that the individual drivers did not comply with the vehicle for hire driver's license requirements and the vehicles with which the rides were provided were not licensed by Plaintiff.  The Petition alleges that these actions violate and interfere with enforcement of Missouri state statutes and the Metropolitan Taxicab commission Vehicle for Hire Code, Chapters 101, 201, 301, 401 which puts the general public in the City of St. Louis and St. Louis County at an immediate risk of harm.

Clearly, these allegations state an arguably reasonable basis for predicting that the state law might impose liability on the individual defendants. *Junk.,* 628 F.3d at 446.  As such, Defendant cannot establish that the individual defendants were fraudulently joined to defeat diversity.

While Defendants argue that Plaintiff's requested injunctive relief is not an appropriate remedy under the facts outlined in the Petition, this is not a basis for denial of the motion to remand; the State Court is the proper forum in which to argue lack of appropriate remedy.

## Conclusion

Based upon the foregoing, the Court concludes that the individual driver defendants were not fraudulently joined to defeat the Court's diversity jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand [Doc. No. 6] is **GRANTED;**

**IT IS FURTHER ORDERED** that this case is remanded to St. Louis County Circuit Court.

Dated this 8th  day of August, 2016.

_____
    HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE